[Cite as *State v. Zepeda-Ramires*, 2013-Ohio-1224.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO

    Appellee

    v.

LEONEL ZEPEDA-RAMIRES

    Defendant

    and

ABC BAIL BONDS/SENECA
INSURANCE CO.

    Appellant

C.A. No. 12CA010275


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No. 06-CR-070919

DECISION AND JOURNAL ENTRY

Dated: March 29, 2013

WHITMORE, Judge.

{¶1} Appellants, ABC Bail Bonds and Seneca Insurance Co., appeal from an order of the Lorain County Court of Common Pleas, requiring payment of a forfeited bond. This Court affirms.

I

{¶2} In 2006, Leonel Zepeda-Ramires was indicted on drug related offenses and ABC Bail Bonds posted a $10,000 surety bond to secure his release pending the resolution of the charges against him. After being properly summonsed, Zepeda-Ramires failed to appear in court on July 19, 2006. On that day, at the request of the State, the court issued a warrant for his

arrest. The court did not address the issue of Zepeda-Ramires' bond, and the case went dormant for approximately six years.

{¶3} On May 4, 2012, with Zepeda-Ramires still at large, the court issued a notice of a hearing to Appellants. The notice informed Appellants that a "[h]earing to show cause why forfeited $10,000 bond should not be collected" was set for June 25, 2012. Appellants did not attend the hearing on June 25. The following day, the court found Zepeda-Ramires had failed to appear on July 19, 2006, and ordered his "[b]ond [ ] revoked and forfeited." In addition, the court order set a hearing date for August 13, 2012, for Appellants to show why judgment should not be entered against them. Appellants did not attend the hearing on August 13, and the court entered a judgment against them for $10,000.

{¶4} Appellants now appeal and raise two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT VIOLATED R.C. 2937.35 BY FAILING TO FORFEIT THE BOND WHEN THE DEFENDANT FAILED TO APPEAR IN 2006 OR IN THE ALTERNATIVE CONTINUE THE CAUSE TO A LATER DATE CERTAIN AND GIVE NOTICE TO THE SURETY.

Assignment of Error Number Two

THE TRIAL COURT ERRED IN ORDERING APPELLANT SURETY TO FORFEIT THE BOND AS APPELLANT SURETY'S STATUTORY AND STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS RIGHTS WERE VIOLATED BECAUSE THE TRIAL COURT FAILED TO PROVIDE APPELLANT SURETY WITH AN OPPORTUNITY TO BE HEARD ON A DATE CERTAIN BETWEEN TWENTY (20) AND THIRTY (30) DAYS AFTER NOTICE OF BOND FORFEITURE.

{¶5}    In their two assignments of error, Appellants argue that the court abused its discretion when it failed to follow the statutory requirements for bond forfeiture.

{¶6}    This Court reviews a trial court's bond forfeiture decision for an abuse of discretion. *State v. Lee*, 9th Dist. No. 11CA010083, 2012-Ohio-4329, ¶ 9. An abuse of discretion indicates that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When reviewing for an abuse of discretion, an appellate court may not merely substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7}    "A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention." *Russell v. City of Akron Housing Appeals Bd.*, 9th Dist. No. 17271, 1996 WL 1769, *1 (Jan. 3, 1996), citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210 (1982). A failure to preserve an objection in the trial court constitutes a forfeiture of that issue. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23. "Where a party has forfeited an objection by failing to raise it, the objection may still be assigned as error on appeal if a showing of plain error is made." *State v. Feliciano*, 9th Dist. No. 09CA009595, 2010-Ohio-2809, ¶ 8. Crim.R. 52(B).

{¶8}    In May 2012, the court sent Appellants notice of a "[h]earing to show cause why forfeited $10,000 bond should not be collected." Appellants have made no allegation that they failed to receive the notice or that they were otherwise unaware of the hearing set for June 2012. Appellants did not attend this June 2012 hearing. Further, there is no evidence Appellants attempted to notify the court that, to their knowledge, the bond had never been forfeited.

{¶9}    At the June 2012 hearing, the court revoked and forfeited the bond and issued a notice of such to Appellants. This notice also contained a subsequent hearing date, set in

compliance with R.C. 2937.36(C), to allow Appellants to show why a judgment should not be entered against them. Appellants did not attend this hearing and have made no argument that they failed to receive notice. After Appellants failure to appear, the court entered judgment against them.

{¶10} Appellants now argue the trial court erred in 2006 when it failed to comply with R.C. 2937.35 because it did not either (1) forfeit the bond and notify them of a hearing in compliance with R.C. 2937.36(C), or (2) continue the case for a later date certain, and give notice to Appellants of the future court date. Appellants further argue that if the bond was not forfeited until 2012 their due process rights were violated because they were not given an opportunity to be heard.

{¶11} Given these issues were in existence at the time Appellants received notice of the June and August 2012 hearings, Appellants should have raised them to the trial court. Instead, Appellants failed to attend the two court hearings and made no attempt to contact the court prior to judgment. Appellants' failure to raise these issues prior to judgment constitutes a forfeiture of them on appeal and makes them subject only to plain error review. However, Appellants do not argue plain error in their brief, and we decline to create such an argument on their behalf. *See State v. Hairston*, 9th Dist. No. 05CA008768, 2006-Ohio-4925, ¶ 11. Appellants' assignments of error are overruled.

III

{¶12} Appellants' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

5

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

BELFANCE, P.J.
HENSAL, J.
CONCUR.


APPEARANCES:

LARRY W. ZUKERMAN, PAUL B. DAIKER, S. MICHAEL LEAR, BRIAN A. MURRAY, RICHARD L. FENBERT, and MARK J. JABLONSKI, Attorneys at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and RICHARD A. GRONSKY, Assistant Prosecuting Attorney, for Appellee.