[Cite as *Gilmore v. Guess*, 2023-Ohio-1145.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|                          |   |                |
|--------------------------|---|----------------|
| LUCIANA GILMORE,         | : |                |
| Plaintiff-Appellee,      | : |                |
|                          |   | No. 111902     |
| v.                       | : |                |
| CARL O. GUESS,           | : |                |
| Defendant-Appellant.     | : |                |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 6, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-21-387645

### *Appearances:*

Luciana Gilmore, *pro se.*

Carl O. Guess, *pro se.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Carl O. Guess ("Guess") appeals the trial court's

August 4, 2022 judgment entry. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On November 4, 2021, in Cuyahoga D.R. No. DR-21-387645, Luciana Gilmore ("Gilmore") filed a complaint for divorce, pro se, against Guess arguing the parties were incompatible. According to the complaint, the parties had been married for less than one year; had no debt; and did not acquire any personal property during the marriage. On February 1, 2022, Guess filed a pro se answer to the divorce complaint.

{¶ 3} The trial court's docket indicates telephonic and in-person pretrial hearings with the magistrate were set on February 24, 2022, March 14, 2022, May 9, 2022, and June 9, 2022.[1] On August 4, 2022, the magistrate conducted trial where Gilmore participated, and Guess failed to appear. On the same date, the magistrate issued a decision.

{¶ 4} In the magistrate's decision, the court made numerous findings of fact and conclusions of law including that while neither party owned nor held a leasehold interest in any real property, Gilmore's business owned real property located on Oxford Court in Bedford Heights, Ohio ("real property"). Gilmore's business purchased the real property in June 2021, prior to the marriage. Gilmore testified that Guess loaned her business $37,471 for the purchase of the real property. Gilmore presented evidence of a wire transfer sent from Guess to Gilmore's business bank account in the amount of $37,471. Gilmore further testified it was the parties'

---

[1] While the docket indicates pretrial hearings were set, the docket does not state whether the hearings were held and, if so, what transpired during the hearings.

intention that Gilmore would repay Guess the amount of $37,471 upon her business's sale of the real property.

{¶ 5} The magistrate determined the only separate property of Guess was the $37,471 owed by Gilmore upon the sale of the real property, and Gilmore volunteered to repay that amount to Guess. The magistrate also found there was no marital property subject to division, and "[t]he parties have divided all personal property and debts to their mutual satisfaction." Magistrate's Aug. 4, 2022 decision at p. 7. The last paragraph of the magistrate's decision reads:

> A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law in this magistrate's decision unless the party timely and specifically objects to the finding or conclusion as required by Civil Rule 53(D)(3)(b).

Magistrate's Aug. 4, 2022 decision at p. 8. Neither party filed objections to the magistrate's decision.

{¶ 6} On August 30, 2022, the trial court issued a judgment entry that adopted the magistrate's August 4, 2022 decision in its entirety and granted Gilmore a divorce. The judgment entry ordered Gilmore to pay Guess $37,471 within 30 days of the journalization of the divorce decree. The judgment entry also stated, in relevant part, that the parties divided all personal property and debts to their mutual satisfaction, and the order reflected an equal and equitable division of property.

{¶ 7} On September 2, 2022, Guess filed a timely notice of appeal presenting verbatim this sole assignment of error:

> Assignment of error: The trial court erred in the final accounting and documentation of the divorce decree, real property section, by not

including the full understanding of the agreed upon repayment/real property return to Appellant.

**Legal Analysis**

{¶ 8} Guess seeks an award of (1) $10,000 for monies he allegedly loaned to Gilmore's business for the purchase of the real property and that she did not repay to him, (2) an 82-inch television, (3) a poker table, and (4) a wedding ring. Guess contends that he provided Gilmore $44,000 — rather than $37,471 — to purchase the real property in Bedford, Ohio. In support of Guess's argument that he should have been awarded the above-mentioned money and property, Guess references R.C. 3105.171(C)(1), which addresses the division of marital property. As a result, we presume Guess's argument is that the trial court erred in its division of marital property.

{¶ 9} According to Guess, he and Gilmore met with the court magistrate in March 2022, and Guess failed to appear at the next scheduled meeting because he was ill with Covid-19. Guess further avers that he subsequently received the divorce decree by mail.

{¶ 10} Gilmore contends that the real property was purchased prior to the marriage and, therefore, did not constitute marital property pursuant to R.C. 3105.171. However, Gilmore concedes that Guess provided her $38,175[2] for the purchase of the real property and that she and Guess agreed the money would be

---

[2] The magistrate's August 4, 2022 decision and the trial court's August 30, 2022 judgment entry both indicate the dollar amount to be repaid by Gilmore to Guess was $37,471.

repaid to Guess. Gilmore argues she repaid the borrowed money; the couple did not acquire any marital property during their marriage; and the trial court's judgment entry should be upheld.

{¶ 11} Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." "The burden of demonstrating plain error is on the party asserting it." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 17.

{¶ 12} A review of the record shows that neither party objected to the magistrate's decision. Therefore, this court cannot review an appeal from the magistrate's August 4, 2022 decision and the trial court's adoption of that decision except for plain error. However, Guess also failed to invoke the plain-error doctrine on his appeal of this issue. Where an appellant fails to object to a trial court's finding or conclusion under Civ.R. 53(D)(3)(b)(iv) and fails to make a showing to the appeals court that plain error occurred, the reviewing court need not address the matters raised on appeal. *Kobal v. Edward Jones Secs.*, 8th Dist. Cuyahoga No. 109753, 2021-Ohio-1088, ¶ 41; *See Quarterman* at ¶ 17-20 (an appellate court need not consider plain error where appellant fails to timely raise plain-error claim); *State v. Sims*, 10th Dist. Franklin No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (appellant

cannot meet burden of demonstrating error on appeal when she preserved only plain error and did not argue plain error on appeal); *In re A.R.*, 12th Dist. Butler No. CA2015-08-143, 2016-Ohio-4919, ¶ 33 (appellant is precluded from raising plain error on appeal where he does not argue it in his brief); *Wright v. Dir. Ohio Dept. of Jobs & Family Servs.*, 9th Dist. Lorain No. 12CA010264, 2013-Ohio-2260, ¶ 22 (where a party fails to argue plain error on appeal, an appellate court may decline to create such an argument).

{¶ 13} Further, Guess did not order a transcript of the August 4, 2022 hearing. As a result, we must presume regularity in the trial proceedings. *Story v. Story*, 8th Dist. Cuyahoga No. 109850, 2021-Ohio-2439, ¶ 31, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.").

{¶ 14} Guess filed this appeal pro se. Litigants who choose to proceed pro se are presumed to know the law and correct procedure and are held to the same standards as other litigants. *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). "'A pro se defendant will be expected to abide by the rules of evidence and procedure, regardless of his familiarity with them.'" *State v. Williams*, 8th Dist. Cuyahoga No. 107748, 2019-Ohio-2335, ¶ 47, quoting

*Cleveland v. Lane*, 8th Dist. Cuyahoga No. 75151, 1999 Ohio App. LEXIS 5893 (Dec. 9, 1999).

{¶ 15} Here, Guess, a pro se litigant, failed to (1) object to the magistrate's August 4, 2022 decision, (2) argue plain error on appeal, and (3) file a transcript of the lower court's proceedings and, accordingly, we overrule Guess's assignment of error.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR