[Cite as *U.S. Bank Natl. Assn. v. Butts*, 2025-Ohio-3154.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

U.S. BANK NATIONAL ASSOCIATION, :

    Plaintiff-Appellee, :

                                       No. 115003

    v. :

FLOYD J. BUTTS, ET AL., :

    Defendants-Appellants. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 4, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-991271

---

### *Appearances:*

Reisenfeld & Associates LLC and David W. Cliffe, *for appellee.*

Latoya Barnhill, *pro se.*

JILL FLAGG LANZINGER, J.:

{¶ 1} Defendant-appellant Latoya Barnhill ("Barnhill"), pro se, appeals the judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in foreclosure to plaintiff-appellee U.S. Bank National Association ("U.S. Bank"). This court affirms.

{¶ 2} On September 19, 2024, U.S. Bank filed a "Second Amended Complaint in rem Foreclosure" ("complaint") against Floyd J. Butts ("Butts") and Barnhill. In the complaint, U.S. Bank alleged that it was the holder of a promissory note executed by Butts and secured by a mortgage on the subject property. The complaint further alleged that Butts died on June 2, 2023, and that Barnhill "may claim an interest in the subject property." Barnhill, pro se, filed a timely answer to the complaint. The trial court referred the matter to a magistrate, and the case proceeded through the pretrial process.

{¶ 3} U.S. Bank moved for summary judgment. Barnhill opposed the motion, and U.S. Bank filed a reply in support of its motion for summary judgment. In a magistrate's decision filed February 25, 2025, the magistrate granted U.S. Bank summary judgment in foreclosure. Barnhill did not file an objection to the magistrate's decision. The trial court adopted the magistrate's decision in a judgment entry filed March 12, 2025.

{¶ 4} Barnhill filed this timely appeal, raising one assignment of error for our review:

> The [trial] court did not examine the note in question that was not from U.[S.] Bank nor was it properly endorsed or negotiated by them by discretion in determining the true facts that there were defects and errors in the documents submitted as far as the dates, assignments, affidavits[,] and other issues.

{¶ 5} In her sole assignment of error, Barnhill contends the trial court erred in granting summary judgment to U.S. Bank because U.S. Bank failed to show it was the holder of the promissory note at issue.

{¶ 6} Initially, we note that Barnhill acted pro se in the trial court and presents herself pro se on appeal. This court has previously recognized

> a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 2013-Ohio-2820, ¶ 22 (11th Dist.). Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.). Thus, we presume Barnhill had knowledge of the law, legal procedures, and appellate process.

{¶ 7} Here, the magistrate concluded in his magistrate's decision that "[o]ne can conclude from the evidence submitted only that [U.S. Bank] has satisfied all of the elements of both [its] claims[,]" and that U.S. Bank was "entitled to a decree of foreclosure and a declaration that its mortgage is reinstated and remains a valid encumbrance on the property." Barnhill did not object to the magistrate's decision.

{¶ 8} Generally, this court "review[s] summary judgment rulings de novo, applying the same standard as the trial court." *Fifth Third Bank, Natl. Assn. v. Hrivnak*, 2023-Ohio-2490, ¶ 10 (8th Dist.), citing *Grafton v. Ohio Edison Co.*, 1996-Ohio-336, ¶ 10. However, "Civ.R. 53(D)(3)(b) imposes an affirmative duty on parties to submit timely, specific, written objections to the trial court, identifying

any error of fact or law in a magistrate's decision." *Knights Ctr. Corp. v. Burton Lawrence Sports Restaurant LLC*, 2024-Ohio-4675, ¶ 12 (8th Dist.)  Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." "'In essence, the rule is based on the principle that a trial court should have a chance to correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court.'" *Nationstar Mtge. L.L.C. v. Jessie*, 2021-Ohio-439, ¶ 19 (8th Dist.), quoting *Liming v. Damos*, 2009-Ohio-6490, ¶ 14 (4th Dist.).

{¶ 9} Because Barnhill failed to object to the magistrate's decision, she has forfeited all but plain error on appeal.  However, Barnhill did not raise a plain-error argument on appeal, and we decline to create one on her behalf.  *See Gilmore v. Guess*, 2023-Ohio-1145, ¶ 12 (8th Dist.), citing *Kobal v. Edward Jones Secs.*, 2021-Ohio-1088, ¶ 41 (8th Dist.) ("Where an appellant fails to object to a trial court's finding or conclusion under Civ.R. 53(D)(3)(b)(iv) and fails to make a showing to the appeals court that plain error occurred, the reviewing court need not address the matters raised on appeal.").

{¶ 10} Barnhill's sole assignment of error is overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JILL FLAGG LANZINGER, JUDGE*

MICHAEL JOHN RYAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

(*Sitting by assignment:  Jill Flagg Lanzinger, J., of the Ninth District Court of Appeals.)