[Cite as *State v. Haudenschild*, 2024-Ohio-407.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 23-COA-014 |
| ROBERT S. HAUDENSCHILD | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County Court of Common Pleas, Case No. 22-CRI-249

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 5, 2024

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER TUNNELL
Ashland County Prosecutor
110 Cottage Street, Third Floor
Ashland, OH 44805

For Defendant-Appellant

CHRISTOPHER C. BAZELEY
9200 Montgomery Road, Ste. 8A
Cincinnati, OH 45242

*Gwin, J.*

**{¶1}** Defendant-appellant Robert Haudenschild [Haudenschild] appeals his sentence after a negotiated guilty plea in the Ashland County Court of Common Pleas, Ashland, Ohio.

*Facts and Procedural History*

**{¶2}** On January 13, 2023, the Ashland County Grand Jury returned an Indictment charging Haudenschild with: 1). Endangering Children in violation of R.C. 2919.22(B)(5) / 2919.22, a felony of the second degree, with a Human Trafficking specification pursuant to R.C. 2941.1422(A); 2). Trafficking in Persons – Commercial Sex in violation of R.C. 2905.32(A)(1) / 2905.32 (E), a felony of the first degree; 3). Corrupting Another with Drugs, in violation of R.C. 2925.02(A)(4)(a) / 2925.02(C)(3), a felony of the fourth degree; 4). Rape in violation of R.C. 2907.02(A)(1)(a) / 2907.02(B), a felony of the first degree; 5). Disseminating Matter Harmful to Juvenile in violation of R.C. 2907.31(A)(1) / 2907.31(F), a felony of the fifth degree; 6)., 7). and 8). Sexual Battery in violation of R.C. 2907.03(A)(5) / 2907.03(B), felonies of the third degree; 9). Importuning in violation of R.C. 2907.07(D)(1) / 2907.07(F)(5), a felony of the fifth degree; and 10). Gross Sexual Imposition, in violation of R.C. 2097.05(A)(1) / 2907.05(C)(1), [victim greater than 13 but less than 16 years old], a felony of the fourth degree.

**{¶3}** On March 9, 2023, the state filed a Motion to Dismiss count two of the Indictment [Trafficking in Persons – Commercial Sex] and the Human Trafficking specification on the Child Endangerment charge to count one of the Indictment. [Docket Entry No. 25]. The trial judge granted the motion by Judgment Entry filed March 13, 2023. [Docket Entry No. 27].

{¶4} On May 17, 2023, Haudenschild, through counsel, filed a motion seeking to continue the jury trial and schedule a change of plea hearing. [Docket Entry No. 44]. The trial judge granted the motion by Judgment Entry filed May 19, 2023, and scheduled the case for a change of plea hearing. [Docket Entry No. 46].

{¶5} On June 22, 2023, Haudenschild appeared with counsel via video and entered a guilty plea to the first, second, fourth, fifth, sixth, seventh, eighth and ninth counts in the amended indictment; the third count charging appellant with Rape was dismissed by the state. The trial judge accepted Haudenschild's guilty pleas, found him guilty and deferred sentencing pending the completion of a pre-sentence investigation report. T*., Change of Plea*, June 22, 2023 at 20-21.

{¶6} On July 31, 2023, Haudenschild appeared with counsel via video for sentencing. The trial court sentenced him to terms of incarceration for Endangering Children, eight to twelve years; Corrupting Another with Drugs, eighteen months; Dissemination, twelve months; Sexual Battery, sixty months for each of the three charges; Importuning, twelve months; and Gross Sexual Imposition, eighteen months.

{¶7} The trial court ordered that each sentence, the maximum for that classification, would be served consecutively for a total aggregate term of maximum incarceration of 32 years. T. *Sentencing*, July 31, 2023 at 33. In addition, the trial court ordered that he serve a mandatory term of five years of Post Release Control (PRC).

*Assignments of Error*

{¶8} Haudenschild raises three Assignments of Error,

{¶9} "I. THE TRIAL COURT'S EXPRESS BIAS AGAINST HAUDENSCHILD AT SENTENCING IS A VIOLATION OF HIS RIGHT TO DUE PROCESS AND CONTRARY TO LAW.

{¶10} "II. THE TRIAL COURT FAILED TO CONSIDER THE AGGREGATE SENTENCE ARISING FROM ITS IMPOSITION OF CONSECUTIVE SENTENCES BUT RETALIATED AGAINST HAUDENSCHILD FOR EXERCISING A CONSTITUTIONAL RIGHT.

{¶11} "III. THE TRIAL COURT FAILED TO PROPERLY ADVISE HAUDENSCHILD OF THE CONDITIONS OF PRC AT SENTENCING."

I.

{¶12} In his First Assignment of Error, Haudenschild contends that the trial court was improperly biased toward him at the sentencing hearing.

**Standard of Appellate Review**

{¶13} "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955); *accord Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009). For purposes of the due-process guarantee, fairness "requires the absence of actual bias in the trial of cases" and "a system of law [that] endeavor[s] to prevent even the probability of unfairness." *Murchison*, 349 U.S. at 136. Thus, a "trial before a biased judge is fundamentally unfair and denies a defendant due process of law." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, 34, *citing Rose v. Clark*, 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980) ("the Due Process Clause entitles a person to an

impartial and disinterested tribunal in both civil and criminal cases"). In fact, "[t]he presence of a biased judge on the bench is * * a paradigmatic example of structural constitutional error, which if shown requires reversal without resort to harmless-error analysis." *State v. Sanders*, 92 Ohio St.3d 245, 278, 750 N.E.2d 90 (2001), *citing Arizona v. Fulminante*, 499 U.S. 279, 309-310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Structural error typically "is grounds for automatic reversal," so long as an objection has been raised in the trial court. *State v. West*, 168 Ohio St.3d 605, 2022-Ohio-1556, 200 N.E.3d 1048, ¶ 2[1]. "Defendants should bring any potential structural errors to the trial court's attention so they may be corrected; they should not wait to raise the claim on appeal with the thought that prejudice will be presumed if a structural error is found." *State v. Bond*, 170 Ohio St.3d 316, 2022-Ohio-4150, 212 N.E.3d 880, ¶34 *citing State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 23.

**{¶14}** In the case at bar, Haudenschild did not object during the sentencing hearing and assert that the judge displayed bias. Consequently, "our review is for plain error only." Id. *Bond,* ¶ 28 ("assertions of structural error do not preclude an appellate court from applying the plain-error standard when the accused has failed to object") (citations omitted). *State v. Rossiter,* 4th District Ross No. 21CA3762, 2023-Ohio-4809, ¶48.

*Plain Error*

**{¶15}** Normally, an appellate court need not consider error that was not called to the attention of the trial court at a time when the error could have been avoided or

---

[1] *West* established that a plain-error analysis is necessary when a defendant seeks reversal based on an error to which the defendant did not object at trial. But *West* left unresolved the extent to which the existence of *structural error* is relevant to that analysis. *State v. Bond*, 170 Ohio St.3d 316, 2022-Ohio-4150, 212 N.E.3d 880, ¶ 10 (emphasis added).

corrected by the trial court. *State v. Williams*, 51 Ohio St.2d 112, 117, 364 N.E.2d 1364 (1977). Accordingly, a claim of error in such a situation is usually deemed to be waived absent plain error. See Crim.R. 52(B). Haudenschild did not raise plain error with respect to judicial bias during the sentencing hearing in his assignments of error or argument in this Court. Because he does not claim plain error on appeal, we need not consider it. *See, State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 17–20 (appellate court need not consider plain error where appellant fails to timely raise plain-error claim); *State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, 2015 WL 4549872, ¶ 25, *citing Wright v. Ohio Dept. of Jobs & Family Servs.,* 9th Dist. Lorain No. 12CA010264, 2013-Ohio-2260, 2013 WL 2407158, ¶ 22 ("when a claim is forfeited on appeal and the appellant does not raise plain error, the appellate court will not create an argument on his behalf"); *State v. McCreary,* 5th Dist. Ashland No. 21-COA-026, 2022-Ohio-2899. ¶65; *State v. Carbaugh*, 5th Dist. Muskingum No. CT2022-0050, 2023-Ohio-1269, ¶67; *State v. Fitts*, 6th Dist. Wood Nos. WD18-092, WD18-093, 2020-Ohio-1154, ¶21; *Simon v. Larreategui*, 2nd Dist. Miami No. 2021-CA-41, 2022-Ohio-1881, ¶41.

{¶16} However, even if we were to consider Haudenschild's arguments he would not prevail.

{¶17} The Ohio Supreme Court addressed appellate review of cases in which plain error is alleged in two recent cases. In *State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, 218 N.E.3d 858, the court noted the heightened standards to be met when recognizing plain error, stating "intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." Id. at ¶ 8, *citing State v. Long, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).* In *State v. Bond*, 170 Ohio St.3d 316, 2022-Ohio-4150,

212 N.E.3d 880, the Court specifically found that a structural error does not require automatic reversal of a defendant's convictions if he failed to object to the error in the trial court. 170 Ohio St.3d 316, 2022-Ohio-4150, 212 N.E.3d 880, ¶43-44. The Ohio Supreme Court reminded reviewing courts that it has discretion to recognize plain error, even when a structural error occurs. "The final consideration in the plain-error analysis is whether correcting the error is required to prevent a manifest miscarriage of justice or whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See* [*United States v.*] *Olano*, 507 U.S. [725], at 736, 113 S.Ct. 1770, 123 L.Ed.2d 508; *Long,* 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus." Id. at ¶ 35.

### *Judicial Bias*

"The inquiry [for judicial bias] is an objective one. The court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" *Caperton v. A.T. Massey Coal Co., Inc.,* 556 U.S. 868, 881, 129 S.Ct. 2252, 173 L.Ed.2d 128 (2009). Moreover, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," but instead, "[a]lmost invariably are proper grounds for appeal, not recusal." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 174 (1994). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism

that would make fair judgment impossible." Id. at 555. *See, State v. Morrow,* 5th Dist. Muskingum No. CT2021-0053,2022-Ohio-1089, ¶43.

**{¶18}** Judicial bias is demonstrated by "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and [the] facts." *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 33, *quoting State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶ 5. Moreover, a party that seeks to establish bias bears the burden of overcoming that presumption. *Coley v. Bagley*, 706 F.3d 741, 751 (6th Cir. 2013).

**Issue for Appellate Review:** *Whether Haudenschild has cited compelling evidence that the trial judge was biased or whether there is an unconstitutional "potential for bias" that seriously affected the fairness, integrity, or public reputation of the sentencing hearing*

**{¶19}** Haudenschild does not argue that the trial judge failed to make specific findings which are delineated in R.C. 2929.14(C)(4) before he imposed consecutive sentences. Haudenschild does not argue that the trial judge's decision to impose consecutive sentences in this case is not supported by the record. Haudenschild points to several statements made by the trial judge during the sentencing hearing as evidencing the judge's bias or predisposition against him.

1. *Judge's statement regarding doing justice.*

{¶20} Haudenschild points to the following statement made by the trial judge,

> As I sit here in this position and I'm called upon to do justice, honestly, I don't know that I can do that in this situation.

T. *Sentencing*, July 31, 2023 at 24. He argues the trial judge's bias is corroborated by the judge's comments concerning Haudenschild's parenting.

{¶21} Haudenschild has taken the judge's remark out of context. The trial judge actually said,

> As I sit here in this position and I'm called upon to do justice, honestly, I don't know that I can do that in this situation. I know your daughter doesn't want you to go to prison. But I cannot in good conscious set aside the seriousness of these actions.
>
> This Court has a duty to protect the public and your daughter from future crime and that includes protecting people that sometimes don't want it. There is no doubt in my mind that you are a risk to both of these victims and to the public.

Id. The trial judge noted that he reviewed the presentence investigation report which showed that ORAS score was 20, which is moderate. The trial judge reviewed the case history, considered the statements of counsel, the statements of Haudenschild and the victims. The trial judge received victim impact statements from both of the victims. The trial judge also read letters in support of Haudenschild. T. *Sentencing*, July 31, 2023 at 20. The judge heard from the Ashland County Jobs and Family Services caseworker who detailed the extreme emotional, mental and physical harm Haudenschild inflicted upon

his minor children. T. *Sentencing*, July 31, 2023 at 8-15. The trial judge's comments concerning Haudenschild's parenting skills can fairly be found to be based upon the evidence. That Haudenschild violated the trust of his children, groomed the children and continued his activities over a course of years are fair comments that are clearly set forth in the record, and do not evidence bias in the trial court's sentencing of Haudenschild.

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (CA2 1943).

*Liteky v. United States,* 510 U.S. at 550-551, 114 S.Ct. 1147, 127 L.Ed.2d 174 (1994).

**{¶22}** The judge also noted that Haudenschild pled guilty, sparing the victims from enduring a trial and evidencing some acceptance of responsibility by Haudenschild. He further noted Haudenschild received considerable consideration by the state's dismissal of the rape charge. Id. at 21.

2. M*aintaining his innocence when questioned by police*

{¶23} Haudenschild next argues that the trial judge punished him for exercising his constitutional right to maintain his innocence in the face of questioning by the police.

{¶24} Haudenschild mischaracterizes the comments of the trial judge. First, Haudenschild did not exercise his right to remain silent; rather he told the police that both of his children were liars when they finally had the courage to come forth and detail the years of his perverse sexual activities. T. *Sentencing*, July 31, 2023 at 22. Haudenschild attempted to say that the sexual relations with his children were consensual and further, blame alcohol and substance abuse for his behavior. Id. The trial judge is entitled to consider the fact that Haudenschild lied to the police until he was confronted by massive evidence of his guilt.

{¶25} We find that Haudenschild has failed to cite compelling evidence that the trial judge was biased or that there was an unconstitutional "potential for bias" that seriously affected the fairness, integrity, or public reputation of the sentencing hearing.

{¶26} Haudenschild's First Assignment of Error is overruled.

II.

{¶27} In his Second Assignment of Error Haudenschild argues the trial court failed to consider the aggregate sentence imposed and improperly retaliated against him for exercising a constitutional right.

{¶28} In support of this position regarding his aggregate sentence, Haudenschild relies on the Ohio Supreme Court's decision in *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, 2022 WL 17870605 (Dec. 23, 2022) ("*Gwynne IV*"). However, during the pendency of this appeal the Ohio Supreme Court reconsidered and vacated the *Gwynne IV* opinion in *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, 2023 WL 7005958 (Oct.

25, 2023 ("*Gwynne V*")[2]. The Court's decision in *Gwynne V* held that R.C. 2929.14(C)(4) does not require express consideration of the aggregate prison term that results from the imposition of consecutive sentences. Id. at ¶ 16, 18-24; *State v. Hayes,* 8th Dist. Cuyahoga No. 111927, 2023-Ohio-4119, *Gallagher, Eileen T., concurring in judgment only*; *State v. White,* 1st Dist. Hamilton No. C-230165, 2023-Ohio-4391, ¶21.

**{¶29}** Haudenschild's arguments concerning the exercising of his constitutional rights are rejected for the reasons explained in our disposition of Haudenschild's First Assignment of Error.

**{¶30}** Haudenschild's Second Assignment of Error is overruled.

III.

**{¶31}** In his Third Assignment of Error, Haudenschild contends the trial judge failed to properly advise him of post-release control at the sentencing hearing, purportedly because the judge failed to inform him of all the possible consequences attendant to potential future violations of post-release control.

**Standard of Appellate Review**

**{¶32}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977).

**{¶33}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable,

---

[2] We note that Haudenschild's brief was filed in this case on October 25, 2023, the same day the decision in *Gwynne V* was released.

an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26, (post-release control is a non-constitutional advisement).

{¶34} For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15; *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163(1977).

{¶35} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474(1990); *State v. Lebron*, 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶9; *State v. Groves*, 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025, ¶7

**Issue for appellate review**: *Whether the trial judge substantially complied with Crim.R. 11(C)(2) when advising Haudenschild of post release control.*

{¶36} A statutorily compliant imposition of post-release control requires a trial court to advise a defendant of three things at the sentencing hearing and in the sentencing

entry: "(1) whether post-release control is discretionary or mandatory, (2) the duration of the post-release-control period, and (3) a statement to the effect that the [APA] will administer the post-release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post-release control will subject the offender to the consequences set forth in that statute." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1, *overruled on other grounds by State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

**{¶37}** The Supreme Court of Ohio has instructed that, once a court orally provides all the required advisements at the sentencing hearing, it must incorporate them into the sentencing entry. *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 12, *citing Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, *overruled on other grounds by Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

**{¶38}** In the case at hand, the trial judge informed Haudenschild that he was subject to five years, mandatory post-release control following his release from prison. Sent. T., July 31, 2023 at 31. Haudenschild was informed that for a violation of post-release control, the parole board may impose a prison term as part of the sentence of up to one half of the stated term or the minimum term originally imposed in nine-month increments for each rule violation. Id. He was further informed if he were to commit a new felony while on post-release control, in addition to the sentence on the new felony, the sentencing Court would have the authority to terminate your post-release control and impose a consecutive prison term to any new sentence of one year or the time remaining on post-release control, whichever is greater. Id. These findings were also set forth in the trial Court's sentencing entry. *Judgment Entry – Sentencing,* Aug. 1, 2023 at 5.

**{¶39}** R.C. 2929.19 has no provision mandating a trial court to notify a defendant that a violation of post-release control could result in more restrictive sanctions, or a longer period of supervision. Pursuant to R.C. 2929.19(B), the trial court is not required to provide these notifications at a sentencing hearing. *State v. Vest,* 4th Dist. Ross Nos. 22CA32 & 22CA33, 2024-Ohio-62, ¶13. Had the legislature intended for defendants to be provided with additional notifications about post-release control, it would have included those notifications and requirements in R.C. 2929.19(B)(2). It chose not to do so. *State v. Demangone*, 12th Dist. Clermont No. CA2022-11-081, 2023-Ohio-2522, ¶ 25

**{¶40}** The trial judge substantially complied with Crim.R. 11's mandates for non-constitutional rights. It appears from the record before this Court that Haudenschild has not demonstrated any prejudicial effect or that he in fact relied upon any supposed ambiguity concerning the mandatory nature of his post-release control time, that it will be monitored by the Adult Parole Authority and the consequences of violating post release control, including for the commission of a new felony in his decision to plead guilty.

**{¶41}** Haudenschild's Third Assignment of Error is overruled.

{¶42} The judgment of the Ashland County Court of Common Pleas, Ashland County, Ohio is affirmed.

By Gwin, J.,

Delaney, P.J., and

Wise, J., concur