[Cite as *State v. Elkins*, **2024-Ohio-5351.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

Court of Appeals No. S-23-016

Appellee

Trial Court No. 23 CR 10

v.

Curtis L. Elkins

**DECISION AND JUDGMENT**

Appellant

Decided: November 8, 2024

\* \* \* \* \*

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

\* \* \* \* \*

**DUHART, J.**

**{¶ 1}** This case is before the court on appeal by appellant, Curtis Elkins, from the

June 2, 2023 judgment of the Sandusky County Court of Common Pleas. Additionally,

Elkins has filed a motion requesting bail and suspension of sentence. For the reasons that

follow, we reverse the trial court's sentence and find Elkins' motion moot.

## Assignments of Error

I. The conviction is against the manifest weight of the evidence, and there is not sufficient evidence to sustain a conviction.

II. The Court Erred in Failing to Give a Lesser Included Instruction for Assault.

III. The Court Erred in Not Disqualifying Itself When a Family Member of the Court Testified on Behalf of the State, Without Seeking Waiver of the Conflict from the Defendant.[1]

## Background

{¶ 2} On January 6, 2023, Elkins was indicted on one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1) and (D)(1)(a) due to an incident in a Fremont bar where Elkins punched the victim, S.W., in the face.

{¶ 3} A jury trial was held on March 30, 2023, before Judge Jon Ickes. At trial, the State called numerous witnesses, including Detective Christian Ortolani, who Elkins later learned was a family member of Judge Ickes. The jury ultimately found Elkins guilty of felonious assault.

---

[1] The capitalization in the assignments of error reflects the capitalization used by Elkins in his brief.

{¶ 4} On June 1, 2023, Elkins was sentenced to an aggregate minimum term of six years, with a potential maximum term of nine years. This sentence was memorialized in a judgment entry journalized on June 2, 2023. Elkins appealed.

{¶ 5} On September 18, 2023, Elkins filed a motion in this court to supplement the record with two filings from a separate case, *State v. Elkins*, case No. 23-CR-004: a June 26, 2023 motion for recusal, in which Elkins requested that Judge Ickes recuse himself as Judge Ickes had a "familial relationship" with Detective Ortolani, the lead detective on that case, and a July 10, 2023 judgment entry in which Judge Ickes recused himself from that case. We granted the motion to supplement on October 30, 2023.

{¶ 6} Then, on August 13, 2024, Elkins filed a motion requesting the court set an appeal bond and suspend the execution of his sentence "pending bond and the conclusion of this appeal."

{¶ 7} As we find it dispositive, we will begin our analysis with Elkin's third assignment of error.

### Third Assignment of Error

{¶ 8} Elkins maintains that, without a waiver of the conflict, the trial judge should have disqualified himself from the case as Detective Ortolani was the judge's stepson.[2] According to Elkins, he only learned of this conflict after his sentencing, and he filed a

---

[2] Elkins has stated in his brief that Detective Ortolani is Judge Ickes' stepson. The State has not disputed this assertion.

motion requesting the judge recuse himself in a separate case Elkins had before him, and the judge did recuse himself.

{¶ 9} The State counters that we are without jurisdiction to consider this issue because exclusive jurisdiction to consider disqualification matters vests in the chief justice of the Ohio Supreme Court, and that Elkins cannot complain about the bias of the judge when he didn't file an affidavit of disqualification. Elkins concedes that, generally, we cannot reverse a trial court's judgment based on a failure to recuse, but he maintains that we can address allegations that his due process rights were violated, citing to *State v. Payne*, 149 Ohio App.3d 368, 372 (7th Dist. 2002).

{¶ 10} The State also argues that, even if there were a conflict, the conflict did not prejudice Elkins because Detective Ortolani was not a material witness and it was a jury trial. Elkins asserts that actual prejudice is not necessary – "the appearance of unfairness is sufficient." The State also claims that Elkins "only asserts an appearance of unfairness without citations to the record on where the purported appearance of unfairness lies."

{¶ 11} As the State points out, generally "only the Chief Justice or [the Chief Justice's] designee may hear disqualification matters," and therefore, a "Court of Appeals [is] without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." *Beer v. Griffith*, 54 Ohio St.2d 440, 441- 442 (1978). However, "a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law." *State v. Dean*, 2010-Ohio-5070, ¶ 48, quoting *State v. LaMar*, 2002-Ohio-2128, ¶ 34. Therefore, "appellate courts may review the issue of judicial bias as a

4.

grounds for reversal on appeal." *State v. McCain*, 2015-Ohio-449, ¶ 14 (2d Dist.). If the record shows judicial bias, the remedy is a new trial. *Dean* at ¶ 2. In determining whether purported judicial bias resulted in an unlawful sentence, we presume that a judge is unbiased and unprejudiced in the matters over which he or she presides, and "the appearance of bias or prejudice must be compelling in order to overcome the presumption." *State v. Eaddie*, 2018-Ohio-961, ¶ 18 (8th Dist.), quoting *State v. Filous*, 2016-Ohio-8312, ¶ 14. The burden is on the party seeking to establish bias to overcome that presumption. *State v. Haudenschild*, 2024-Ohio-407, ¶ 18 (5th Dist.), citing *Coley v. Bagley*, 706 F.3d 741, 751 (6th Cir. 2013).

{¶ 12} Judicial bias is defined as "a deep-seated favoritism or antagonism that makes fair judgment impossible." *Jackson v. Cool*, 111 F.4th 689, 696 (6th Cir. 2024), quoting *Coley* at 750. The standard for assessing the risk of judicial bias "is an 'objective' one, requiring recusal when 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.' To conduct this inquiry, '[t]he Court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias.'" (Citations omitted.) *Id.* quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872, 881 (2009).

{¶ 13} We first note there is no evidence in the record that Elkins or his attorney was aware of the relationship between the judge and the detective during the course of the proceedings. Although the State has alleged that "the relationship between the trial

5.

court judge and Detective Ortolani was known by trial counsel and likely addressed with [Elkins] as this is a well-known relationship within the Sandusky County Bar," this is mere supposition and there is no evidence in the record to support it. Because there is no evidence that Elkins or his attorney was aware of the familial relationship between the judge and the detective until after sentencing, we do not find Elkins' failure to file an affidavit of disqualification to be dispositive. He cannot be expected to file an affidavit of disqualification regarding a relationship of which he was not aware.

{¶ 14} We further find an unconstitutional potential for bias, where, as here, the judge's family member is a testifying officer and the judge does not inform the parties of the relationship during the pendency of the trial court case so that the issue of bias can be addressed. We find it noteworthy that the judge himself, in a separate case, granted Elkins' motion for recusal on the basis of his relationship with Detective Ortolani.

{¶ 15} Accordingly, Elkins' third assignment of error is well-taken. As this ruling disposes of this appeal, we find Elkins' remaining assignments of error moot.

**Motion for Bail and Suspension of Execution of Sentence**

{¶ 16} Elkins requests that this court "set a $1,000 appeal bond and suspend the execution of his sentence pending bond and the conclusion of this appeal." As this appeal is concluded, we find this request moot.

**Conclusion**

{¶ 17} The judgment of the Sandusky County Court of Common Pleas is reversed, and the matter is remanded to the trial court for further proceedings consistent with this

6.

opinion. Pursuant to App.R. 24, the State is hereby ordered to pay the costs incurred on appeal.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Gene A. Zmuda, J.                           _____

JUDGE

Myron C. Duhart, J.

_____

Charles E. Sulek, P.J.                          JUDGE
CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.