[Cite as *State ex rel. Meyers Lake v. Michel*, 2025-Ohio-384.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. VILLAGE OF MEYERS LAKE, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiffs-Appellees | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 2023CA00134 |
| | : | |
| GERALD J. MICHEL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2020 CV 01355

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 5, 2025

APPEARANCES:

For Plaintiffs-Appellees:

David Deibel
1967 E. Maple St., Suite 114
North Canton, Ohio 44720

For Defendant-Appellant:

Brent L. English
820 W. Superior Ave., Ninth Floor
Cleveland, Ohio 44113

*Delaney, P.J.*

{¶1} Defendant-Appellant Gerald J. Michel has appealed an order from the Stark County Court of Common Pleas holding him in contempt of an agreed judgment entry dated September 14, 2021. State of Ohio, *ex rel.* Village of Meyers Lake and Village of Meyers Lake are the Plaintiffs-Appellees.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Defendant owns two properties in the Village of Meyers Lake located at 1222 South Park Avenue NW, Canton, Ohio, and 1228 South Park NW, Canton, Ohio. The properties are zoned R1-One Family Residential.

{¶3} In 2016, the condition of the premises began deteriorating. Used vehicles were left in various places over both properties. On December 12, 2016, the Village filed a complaint against Defendant for injunctive relief to eliminate zoning and nuisance violations.

{¶4} The parties reached an agreement on rehabilitating the premises and they entered a signed agreed entry on April 4, 2017. Afterward, Defendant successfully removed the items from his premises and complied with the terms of the judgment entry.

{¶5} In 2020, the premises had again deteriorated. On October 5, 2020, the Village filed another complaint seeking injunctive relief regarding the condition, particularly the used cars that had accumulated on the premises. The complaint expressly stated:

> The use and condition of the Premises constitutes not only a violation of zoning ordinances, but the use and condition of the Premises also presents a danger to the health, safety, and welfare of Meyers Lake and the citizens of the Village of Meyers Lake, Ohio.

{¶6} The trial court held an evidentiary hearing and heard testimony from the Zoning Director for the Village of Meyers Lake, Matthew Bailey, and from the Mayor, Michael Labriola. The trial court subsequently ordered Defendant to "remove any and all used, unlicensed, inoperable, junk motor vehicles, vehicle parts and/or other inventory for sale from the premises within seven days of the order." The judge stated that the Village had the right to inspect the premises. There were several vehicles that had been moved shortly before the hearing and the trial court ruled that they could not be returned without court approval. Finally, the court ordered that the parties were to abide by the Agreed Judgment Entry of April 4, 2017.

{¶7} The court then set a review hearing to be held in 60 days. On September 14, 2021, the parties entered into an Agreed Judgment Entry which provided a permanent injunction in favor of the Village against Defendant. It stated:

> [Plaintiff is granted] a permanent injunction in favor of Plaintiff and against Defendant such that Defendant is and be immediately and permanently restrained and enjoined from engaging in the storage, repair, parking, and/or sale of any used motor vehicles in violation of any applicable zoning ordinance or other legislation or otherwise that formed the basis of this lawsuit, whether presently enacted or enacted in the future by Plaintiffs, at the following locations: 1222 South Park Avenue NW, Canton, Ohio 44708 (Parcel # 1500298) and 1228 South Park NW, Canton, Ohio 44708 (Parcel # 1500297).

Defendant again successfully removed the nuisances from his premises and substantially complied with the terms of the judgment entry.

{¶8} During 2023, however, only two years after the second Agreed Judgment Entry, the premises was allowed to deteriorate even further. The Village determined it violated several codes and ordinances and constituted a threat to the health, safety, and public welfare of the residents of the Village of Meyers Lake.

{¶9} On May 13, 2023, Defendant was served with notice of the violations and was given 30 days to clean up the premises. Defendant did not respond to the notice and did not remedy the conditions on the premises.

{¶10} On July 7, 2023, the Village filed a Motion to Show Cause why Defendant should not be held in contempt for failing to abide by the Agreed Judgment Entry of September 14, 2021. Defendant did not file a response to the motion. On July 31, 2023, the trial court scheduled a show cause hearing.

{¶11} The hearing was held on September 11, 2023. The Zoning Director, Matthew Bailey, described the worsening deterioration of the premises. Mr. Bailey testified that he had received reports from neighbors of smells emitting from the premises and that the houses on the premises had become unsecured to the extent it was believed their condition allowed them to be frequented by transient individuals engaging in illicit activities.

{¶12} Mr. Bailey responded to the complaints. He drove by the properties often and was able to see the condition of the premises from the street. At the hearing, he presented photographs of their condition.

{¶13} Mr. Bailey testified that the structures had been allowed to become unsafe and unsanitary. The windows had been partially boarded up, with gaps large enough for someone to climb into them. One of the houses had suffered a fire and the extent of the internal structural damage was unknown. There was a hole that was visible from the street on a side of one of the houses. The vegetation had grown up and around the houses and was thick on the grounds such that Mr. Bailey was not sure of all that was lying beneath. It appeared to be close to overgrowing a Children at Play sign near the street.

{¶14} There were empty garbage cans strewn about and what appeared to be an old blanket or comforter on the ground. Several concrete blocks dotted the properties. There was trash on the premises, including paper, boxes, bottles, glass, and other trash consistent with the Village Ordinances' definition of litter. A lawnmower and pile of bricks had been left sitting out in the yard. A large dumpster could be seen parked in one of the yards. Mr. Bailey testified that it made inspecting the premises difficult because he could not see behind it.

{¶15} On September 14, 2023, the trial court entered a Judgment Entry in favor of the Village. It found Defendant in contempt for violating the Agreed Judgment Entry of September 14, 2021. It sentenced Defendant to a fine of $100 per day for every day he remained in violation, ordered Defendant to abate the violations and nuisances, found Defendant in contempt for violating the Agreed Judgment Entry with a sentence of 30 days in jail and a $250 fine, authorized the Village to abate the nuisance if Defendant did not, and awarded attorneys fees, and any other relief that the court deemed equitable. The court set a review hearing to determine Defendant's progress in cleaning up the premises. Defendant has appealed this Judgment Entry.

## ASSIGNMENTS OF ERROR

{¶16} I. THE TRIAL COURT ERRORED AND ABUSED ITS DISCRETION BY FINDING APPELLANT IN CONTEMPT OF THE SEPTEMBER 14, 2021, "AGREED JUDGMENT ENTRY" WHERE NO EVIDENCE WAS PRESENTED TO SHOW A VIOLATION OF ANY PROVISION OF THAT ENTRY.

{¶17} II. THE TRIAL COURT VIOLATED GERALD J. MICHEL'S RIGHT TO DUE PROCESS OF LAW BY ENGAGING IN UNWARRANTED AND CONDESCENDING

BEHAVIOR TOWARD MR. MICHEL AND HIS LEGAL COUNSEL AND BY DEMONSTRATING BIAS AND PREJUDICE AGAINST THE APPELLANT IN THE COURSE OF THE EVIDENTIARY HEARING.

**ANALYSIS**

I.

{¶18} In his first assignment of error, Defendant has argued that the Agreed Judgment Entry pertains only to storage, repair, parking, and/or sale of any used motor vehicles at the two properties. Because no evidence was produced that used motor vehicles were on the premises, Defendant concluded that the trial court abused its discretion in finding him in contempt. The Village has argued that the crux of October 2020 action that led to the Agreed Judgment Entry was the relapsed nuisance state of the premises and that, by the Agreed Judgment Entry, Defendant was "'immediately and permanently restrained and enjoined from engaging in'" conduct 'that formed the basis of this lawsuit.'"

{¶19} To enforce a permanent injunction, it is not necessary to docket an independent action in contempt or proceed in an independent prosecution. *State ex rel. Bruns Coal Co. v. Compton*, 96 Ohio App. 541, 554 (1953). The court continues to have control to enforce the order under the authority of R.C. 5881. *Id.*

{¶20} To establish contempt, the moving party must establish a valid court order, knowledge of the order by the defendant, and a violation of the order. *Henry v. Henry,* 2015-Ohio-4350, ¶ 12 (5th Dist.), citing *State v. Komadina,* 9th Dist. Lorain No. The standard of review for civil contempt is abuse of discretion. *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69 (1991). An abuse of discretion is more than just an error in

judgment, but rather implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, the reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621 (1993).

{¶21} A finding of contempt must be established by clear and convincing evidence. *Henry* at ¶ 12, citing Zemla v. *Zemla*, 2012–Ohio–2829, ¶ 11 (9th Dist.). Clear and convincing evidence is more than a preponderance of the evidence and will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. The party seeking to hold another in contempt bears the burden of proving the failure to comply with an order of the court. *Zemla at ¶ 11.* When the movant establishes a prima facie case, the contemnor must present evidence of his inability to comply with the order or any other available defense. *Id; see also Watral v. Watral,* 2005–Ohio–6917, ¶ 13 (9th Dist.), quoting *Herold v. Herold,* 2004–Ohio–6727, ¶ 28 (10th Dist.).

{¶22} In this case, there is no question that the Agreed Judgment Entry was valid and that Defendant had knowledge of it. His argument is there was no violation of the entry because there were no cars parked on the premises. The Village reads the agreement to include violations of any applicable zoning ordinance.

{¶23} When a disagreement arises concerning the meaning of an agreement or an agreed judgment entry, a trial court has broad discretion to interpret ambiguous or vague provisions contained in the agreement and may employ parol evidence to ascertain the parties' intent. *Copley Twp. Bd. of Trustees v. Demrovsky*, 2015-Ohio-1120, at ¶ 12 (9th Dist.); *Machnics v. Sloe*, 2015-Ohio-2592, ¶ 17 (11th Dist.). "An interpretative

decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion." (Citation omitted.) *Pilch v. Pilch,* 2006–Ohio–5829, ¶ 24 (11th Dist.).

{¶24} In *Demrovsky,* a township filed a show cause motion against property owners in an effort to secure their compliance with the stipulated agreement arising from their zoning violations. The parties had agreed that they could use their property for a landscaping business, which was an agricultural use. The property owners, however, were operating a construction business on their property that was not an agricultural use. *Id.* at ¶ 7. On appeal, the court of appeals affirmed the imposition of a fine after its review of the parol evidence surrounding the formulation of the stipulated agreement. It relied on the minutes from a meeting, which evidenced the parties' desire to permit a landscape business only because it comported with the agricultural use restriction.

{¶25} In this case there was evidence that the Village was willing to work with Defendant on the violations. Defendant did not respond or attempt to address the issues. His counsel represented at the hearing that he thought violations would relate only to used cars and car parts. Proof of an intentional violation of a court order is not a prerequisite, however, to a finding of contempt. *State ex rel. Brett v. Brett*, 2002-Ohio-1841 (5th Dist.), citing *Pugh v. Pugh*, 15 Ohio St.3d 136 (1984). The purpose of sanctions is to compel the contemnor to comply with lawful orders of a court, and the fact that the contemnor acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt. *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph three of the syllabus.

{¶26} The trial court was aware of the conditions of the premises and their repeated decline absent judicial intervention. The testimony in the hearing established

the nuisances had become a danger to the health, safety, and welfare of the residents of the Village. Defendant did not produce any evidence to suggest the conditions were other than what was seen in the photos or that there was an inability to comply with the Village's requests.

{¶27} There was competent credible evidence for the trial court to determine that Defendant was in contempt for violating the Agreed Judgment Entry. Absent an abuse of discretion in making that determination, we will not affect the court's judgment. The first assignment of error is overruled.

II.

{¶28} In his second assignment of error, Defendant has argued that he was denied due process of law because the judge was biased against him. He is not asking that the judge be disqualified, but he requests that the trial court's decision be reversed because the judge was not fair and objective.

{¶29} Defendant provided several examples to support his contention that the judge was "prejudiced against Mr. Michel such that he would never give Mr. Michel a fair shot no matter what the facts were." First, he claimed the judge held him in contempt without considering the facts. He then referred to the trial transcript and instances when the judge admonished him to let the witness answer a question or interrupted after a question to say "he just answered that sir, so go onto another question." The judge also interjected and stated "Sir, he's not saying that specifically. His earlier testimony, it's a combination of [all] these things are the nuisance . . . Ask another question."

{¶30} The judge interjected several more times when he thought Defendant's counsel's questions had been previously answered or when he thought the question was

asked in a manner that mischaracterized the witness's previous testimony. Defendant's final example of alleged bias was that after the testimony was completed the judge stated:

> Okay. Well, let me tell you where we're at I'm making a finding that he is in contempt of this court's previous orders. This will be I think what, the fourth time that we've been here in front of me and, to be quite candid, I have had enough. I've had enough of this property. The people of Meyers Lake are being put in an unhealthy situation. As public officials, they are expected by their constituents to get something done and it's not getting done.

Defendant has argued that the trial court's decision should not be upheld because the court was "patently unfair" and engaged in "judicial misconduct."

{¶31} A trial before a biased judge is fundamentally unfair and denies a defendant due process of law. *State v. Dean*, 2010-Ohio-5070, 93, ¶ 48, quoting *State v. LaMar*, 95 Ohio St.3d 181, ¶ 34 (2002). Therefore, "appellate courts may review the issue of judicial bias as a grounds for reversal on appeal." *State v. McCain*, 2015-Ohio-449, ¶ 14 (2d Dist.). A reviewing court begins with a presumption that a judge is unbiased and unprejudiced in the matters over which he or she presides, and "the appearance of bias or prejudice must be compelling in order to overcome the presumption." *State v. Eaddie*, 2018-Ohio-961, ¶ 18 (8th Dist.), quoting *State v. Filous*, 2016-Ohio-8312, ¶ 14. The burden to overcome that presumption is on the party seeking to establish bias. *State v. Haudenschild*, 2024-Ohio-407, ¶ 18 (5th Dist.), citing *Coley v. Bagley*, 706 F.3d 741, 751 (6th Cir. 2013). If the record shows judicial bias, the remedy is a new trial. *Dean* at ¶ 2.

{¶32} Judicial bias is defined as "a deep-seated favoritism or antagonism that makes fair judgment impossible." *State v. Elkins,* 2024-Ohio-5351, ¶12 (6th Dist.), quoting *Jackson v. Cool*, 111 F.4th 689, 696 (6th Cir. 2024). It has also been described as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge,

as contradistinguished from an open state of mind which will be governed by the law and the facts." *Dean* at ¶ 48, *quoting State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, paragraph four of the syllabus (1956).

{¶33} Judicial bias is assessed using an objective standard. *State v. Gilmore*, 2024-Ohio-2095, ¶ 41 (5th Dist.); *State v. Baker,* 2024-Ohio-906 (5th Dist.). The court asks if the average judge in his position is likely to be neutral or if there is an unconstitutional potential for bias. *Id.,* citing *Caperton v. A.T. Massey Coal Co., Inc.,* 556 U.S. 868 (2009).

{¶34} In this case, Defendant pointed to several instances where the judge interjected and asked his counsel to let the witness answer the question. In other instances, the judge essentially said the question had been asked and answered. There is nothing in the language he used that is indicative of a hostile feeling or a spirit of ill will toward Defendant. There was no evidence of an unconstitutional potential for bias.

{¶35} Although Defendant points to the judge's ruling from the bench as evidence of bias, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." (Citation omitted.) *Id.* 41. *See, State v. Morrow,* 2022-Ohio-1089, ¶43 (5th Dist.). A judge's knowledge of the facts and the opinions that knowledge produced were properly and necessarily acquired in the course of the proceedings. *Id.* For example, in a bench trial, those opinions are necessary for completion of the judge's task of rendering decisions. (Citation omitted.) *Id.*

{¶36} The trial court heard the testimony of the Zoning Director and saw the photographs that were introduced in evidence. The fact that the judge was familiar with the history of the case, particularly because this was a show cause hearing for a previously litigated matter, did not demonstrate bias. The statements made from the bench do not reveal a deep-seated favoritism or antagonism that makes fair judgment impossible. They do not reflect an average judge that is unlikely to be neutral or that has unconstitutional potential for bias. Finally, they do not demonstrate that the proceeding lacked integrity such that a fair hearing was impossible. Defendant's second assignment of error is overruled.

## CONCLUSION

{¶37}  The assignments of error are overruled. The judgment of the Stark County Court of Common Pleas is affirmed.


By:  Delaney, P.J.,

Gwin, J. and

Hoffman, J., concurs in
part and dissents in part.

*Hoffman, J., concurring in part, and dissenting in part*

{¶38} I concur in the majority's analysis and disposition of Appellant's second assignment of error.

{¶39} I respectfully dissent from the majority's disposition of Appellant's first assignment of error. While I recognize the condition of Appellant's property would certainly support a new violation of Appellee's zoning ordinances, I find the Agreed Judgment Entry(s) and the initial cause for the original complaint were limited to the issue of the storage of used cars and vehicle parts on the property. It was the used car issue which formed the basis of the original complaint and resulted in both agreed judgment entries. I conclude Appellant was not in violation of either order. Therefore, I would  sustain Appellant's first assignment of error and reverse the decision of the trial court.