[Cite as *Stone v. Humphress*, 2025-Ohio-5171.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

MICHAEL G. STONE, ET AL.,

    PLAINTIFFS-APPELLANTS,

  v.

MELISSA J. HUMPHRESS,

    DEFENDANT-APPELLEE.

CASE NO. 5-25-06

OPINION AND
JUDGMENT ENTRY

Appeal from Hancock County Common Pleas Court
Trial Court No. 2021 CV 00356

Judgment Reversed and Cause Remanded

Date of Decision: November 17, 2025

APPEARANCES:

    *Bradley S. Warren* for Appellants

**WALDICK, P.J.**

{¶1} Plaintiffs-appellants, Michael Stone and Tammy Stone ("Appellants"), bring this appeal from the February 24, 2025 judgment of the Hancock County Common Pleas Court denying their "Second Motion for Contempt" against defendant-appellee, Melissa Humphress ("Appellee"). On appeal, Appellants contend that the trial court abused its discretion by denying their second contempt motion. For the reasons that follow, we reverse.

*Background*

{¶2} Appellants and the Appellee own adjacent tracks of land. Appellee owns property immediately south of Appellants.

{¶3} In 1954, Appellants' predecessor-in-interest was granted a "driveway" easement across the northern portion of the land owned by Appellee's predecessor-in-interest. The easement permitted access to the rear of Appellants' property by encroaching on land owned by Appellee.

{¶4} Appellants have a driveway that begins on their property, then "dips south" onto Appellee's property. (Doc. No. 64). "For many years, [Appellants] or their predecessors were permitted to drive across portions of [the Appellee's] land outside the easement as well as park vehicles that encroached upon [Appellee's] property." (*Id.*)

{¶5} In 2021, Appellee "revoked authorization to park or travel across her land not expressly granted by the easement." (*Id.*) Appellee had even attempted to block access to the easement by the use of stones or other objects.

{¶6} Both Appellants and the Appellee sought, *inter alia*, declaratory relief in the Hancock County Common Pleas Court in order to define and outline the rights and responsibilities related to the easement. Through the course of the litigation, the trial court determined the scope of the easement as authorizing Appellants to travel to and from the garage structure on the southwest corner of Appellants' property by use of a driveway that crossed onto Appellee's land. In addition, the trial court determined that the easement permitted Appellants to walk across the easement to pull trash receptacles. However, the trial court determined that the language of the easement could not be interpreted for Appellants to park in the easement, or to park in any portion of Appellee's yard.

{¶7} Further, the trial court determined that to the extent that Appellants were permitted "liberal use of the driveway and related areas" in the past, that access was in the form of a "license" that Appellee properly revoked. Nevertheless, the trial court also determined that Appellee was improperly placing large objects in the easement such as "planters, troughs, metal tubs, tables, [and] stands." (Doc. No. 77). The trial court determined that the placement of the objects by the Appellee was "retaliatory" and not consistent with the easement's purpose. Further, the trial court

determined that the placement of the objects within the easement boundaries was in violation of the easement, and the items had to be removed. The trial court explicitly held that "[Appellee] shall not block access to the easement in any way." (Doc. No. 78).

{¶8} The trial court's final judgment entry on the declaratory judgment matter was filed September 22, 2023. No appeal was taken from the trial court's judgment, thus the trial court's rulings related to the easement became the law of the case.

{¶9} Less than a month after the trial court entered its judgment regarding the scope of the easement, Appellants filed a motion for contempt pursuant to R.C. 2705.02(A), arguing that Appellee had failed to remove the obstructions from the easement. The matter proceeded to a hearing on January 4, 2024, and evidence was presented that despite the trial court's prior order that Appellee "shall not block access to the easement in any way," Appellee was continuing to block the easement by parking a pull-behind trailer in the easement and placing obstructions in the easement. The trial court ordered Appellee to remove "all obstructions" to purge her contempt no later than January 16, 2024. The trial court set the matter for a further hearing on Appellee's efforts to purge the contempt and to consider any appropriate sanctions.

{¶10} On April 18, 2024, the trial court held a hearing on the motion for sanctions and costs related to the contempt. At the hearing the parties agreed that Appellee had remedied the circumstances by removing obstructions from the easement. The trial court determined that Appellee should not be fined or incarcerated as a result of her contempt; however, Appellee was held liable for Appellants' attorney's fees in the amount of $250 and costs. No appeal was taken from this contempt judgment.

{¶11} On May 23, 2024, Appellants filed a second motion for contempt against Appellee, arguing that Appellee had erected a gate across the easement, obstructing Appellants' access to the easement.

{¶12} The second contempt motion proceeded to a hearing on July 11, 2024; however, Appellee did not appear, though her counsel was present. The trial court "reluctantly" granted a continuance to compel the presence of the Appellee. Nevertheless, the trial court determined that in the interim, the newly-erected gate should remain open, at all times, until the trial court could consider the matter of whether the gate obstructed the easement.[1]

{¶13} A hearing was held on the second contempt motion on October 10, 2024. Appellant Michael Stone testified at the hearing that when the gate was erected, Appellee's property was not entirely enclosed by a fence yet. He testified

---

[1] Appellee subsequently filed her own motion for contempt against the Appellants; however, that motion has no relevance to this appeal so we will not further discuss it.

that he believed the gate obstructed the use of his easement because he had to get out of his vehicle to open the gate. Stone also testified that Appellee kept an unlocked chain wrapped around the fence that he had to remove. Stone testified that the gate was on a wheel, purportedly making it easier to open; however, he testified that it was still an inconvenience. Stone did testify that he was aware Appellee had horses and that Appellee was working to enclose her property with a fence.

{¶14} Appellee testified that she put the gate up as an ongoing effort to fence-in her property. She testified that she had horses get off her property in the past, including one that was hit by a vehicle and killed. Appellee testified that she used a gate over the driveway rather than a fence specifically so Appellants could open and close it to access their garage.

{¶15} Appellee claimed that she started to put the fence up once one of her neighbors removed a fence. Appellee testified she had a permit to fence her whole property so she was doing it as she could. However, Appellee acknowledged that there were gaps in her fence around Appellants' garage.

{¶16} On February 24, 2025, the trial court filed a judgment entry denying Appellants' second motion for contempt.[2] The trial court framed the issue as whether the newly-installed gate "obstructed the use of the easement." (Doc. No. 143). The trial court determined that while testimony established that the gate was

---

[2] The judge who had been handling the case previously retired while the second motion for contempt was pending, thus a new judge was assigned to determine the second contempt motion.

"annoying," there was no testimony that the gate prevented the intended use of the easement, particularly as the gate was not locked. Further, the trial court noted that although the timing of the gate's installation was suspect, the evidence did establish that it was part of an effort by Appellee to fence her whole property.

{¶17} The trial court supported its decision by citing *Gibbons v. Ebding*, 70 Ohio St. 298 (1904), wherein the Supreme Court of Ohio addressed a similar issue and held as follows:

> The owner of the servient estate may use the land for any purpose that does not interfere with the easement, and, in the absence of anything in the deed, or in the circumstances under which it was acquired or used, showing that the way is to be an open one, he may put gates or bars across it, unless they would unreasonably interfere with its use.

{¶18} The trial court determined that Appellee's intention of enclosing her property as much as possible to decrease the likelihood of the animals escaping was not inconsistent with the use of the driveway easement. Thus, the trial court determined that the placement of the gate did not unreasonably interfere with the easement. The trial court then denied Appellants' second motion for contempt.

{¶19} It is from this judgment that Appellants bring the instant appeal, asserting the following assignment of error for our review.

**Assignment of Error**

**The trial court abused its discretion in failing to find defendant-appellee in contempt of the trial court's previous orders of September 22, 2023 and January 10, 2024.**

{¶20} In their assignment of error, Appellants contend that the trial court erred by finding that the Appellee was not in contempt of the trial court's prior orders.

Standard of Review

{¶21} We review a trial court's decision on a motion for contempt under an abuse of discretion standard. *State ex rel. Meyers Lake v. Michel*, 2025-Ohio-384, ¶ 20. An abuse of discretion is present when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

Analysis

{¶22} At the outset, we emphasize that the Appellee failed to file a brief in this matter.[3] "If an appellee fails to file the appellee's brief within the time provided

---

[3] Appellee's merit brief had a filing deadline of June 15, 2025. When Appellee did not file a timely merit brief in this case, this Court set oral arguments for October 15, 2025, and Appellee was denied oral argument for failing to file a merit brief pursuant to App.R. 18(C). On September 29, 2025, over three months after her merit brief was due, and only weeks before oral argument, Appellee filed a motion for leave to file her brief "out of time." We denied Appellee's motion because the brief was "more than three months late and the motion for leave fails to set forth extraordinary circumstances justifying such late filing."

by this rule, . . . in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). This rule is particularly relevant in its application to this case.

{¶23} In this case, when the trial court determined the declaratory judgment actions of the parties, the trial court explicitly held that "[Appellee] shall not block access to the easement in any way." (Doc. No. 79). Importantly, neither party appealed the trial court's judgment on this issue, thus it became the law of the case.

{¶24} Subsequently, Appellee was cited for contempt for failing to remove the obstructions in the easement. The trial court found Appellee in contempt, and ordered her to "remove all obstructions from the easement." (Doc. No. 102). In a later sanctions hearing, the trial court determined that Appellee had "to a large measure" remedied the circumstances by "clearing the easement of impediments." (Doc. No. 109). Appellee was ordered to pay costs and $250 in attorney's fees. Again, no appeal was taken from this judgment, making this judgment the law of the case.

{¶25} After the trial court rendered its judgment on the first contempt motion, Appellee erected a gate across the easement. She actually erected the gate before putting up much of the fencing around her property. Appellants argued in their second motion for contempt in the trial court that when Appellee erected a gate

across the easement, Appellee blocked access to the easement in some manner by creating an obstruction.

{¶26} In its final judgment entry on the matter, the trial court noted that while the timing of the gate's erection was suspect, there was some valid reasoning to support enclosing the property. The trial court also determined that based on the Supreme Court of Ohio's language in *Gibbons v. Ebding*, *supra*, as long as the gate did not "unreasonably" interfere with the use of the easement, the gate did not violate the terms of the easement.

{¶27} In our own review of the matter, we disagree with the trial court's application of the *Gibbons* decision. The syllabus in *Gibbons* indicated as follows:

> The owner of the servient estate may use the land for any purpose that does not interfere with the easement, and, in the absence of anything in the deed, *or in the circumstances under which it was acquired or used, showing that the way is to be an open one*, he may put gates or bars across it, unless they would unreasonably interfere with its use.

(Emphasis added.) *Gibbons* at paragraph 2 of the syllabus. In other words, *Gibbons* specifically directs us to consider the circumstances under which the easement is used and whether it was intended to be "open."

{¶28} As the Appellants argue, the trial court defined the scope of the easement in its prior judgment, indicating that Appellee "shall not block access to the easement in any way." In other words, Appellee was *explicitly ordered* not to block access to the easement "*in any way*." The erection of a gate across the

-10-

easement does block access to the easement in "some" way, because Appellants must exit their vehicles, remove an unlocked chain and move the gate. Thus the gate is in violation of the trial court's (not appealed) prior order.

{¶29} Further, the January 10, 2024, judgment of the trial court explicitly ordered Appellant to remove "all" obstructions infringing upon the easement. Once that judgment was final, it was also not appealed. An "obstruction" is defined as "[s]omething that impedes or hinders[.]" *Black's Law Dictionary* (12th ed. 2024). "Hinder" is defined as "to slow or make difficult[.]" *Id*. Undoubtedly, the erection of the gate in this action and the requirements to open it slows the use of the easement.

{¶30} Furthermore, we note that courts have determined in the past that the *Gibbons* decision does not grant a servient estate free-reign to erect a gate across an easement. For example, in *Philabaaun v. Ashley*, 2002-Ohio-6938, the Eleventh District Court of Appeals determined that a gate was not permissible under *Gibbons*, although the gate in that case required a code.

{¶31} In sum, given the trial court's prior rulings, its definition of the scope of the easement, the trial court's holdings regarding obstructions, and given that the Appellee did not file a timely brief in this matter, we find Appellants' assignment of error well-taken. Thus we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

Conclusion

{¶32} Having found error prejudicial to Appellants in the particulars assigned and argued, their assignment of error is sustained and the judgment of the Hancock County Common Pleas Court is reversed. This cause is remanded for further proceedings consistent with this opinion.

***Judgment Reversed and Cause Remanded***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

## <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Juergen A. Waldick, Judge

William R. Zimmerman, Judge

John R. Willamowski, Judge

DATED:
/jlm